UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN W. ZINSMEISTER,

Plaintiff,

v. Case No. 8:19-cv-45-T-AEP

ANDREW M. SAUL,
Commissioner of Social Security,[1]

Defendant.
_____________________________________/

**ORDER**

Plaintiff seeks judicial review of the denial of his claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and failed to employ proper legal standards, the Commissioner's decision is reversed and remanded.

**I.**

**A. Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 201-08). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 65-92, 97-114). Plaintiff then requested an administrative hearing (Tr. 115-16). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 22-50). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 9-21). Subsequently, Plaintiff requested review from

[1] Andrew M. Saul is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul should be substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

the Appeals Council, which the Appeals Council denied (Tr. 1-6). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**B. Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1954, claimed disability beginning September 8, 2014 (Tr. 203). Plaintiff obtained less than a high school education (Tr. 26, 220). Plaintiff's past relevant work experience included work as a tractor-trailer truck driver (Tr. 47-48, 221). Plaintiff alleged disability due to ruptured discs in his back, sciatica, left knee pain, chronic obstructive pulmonary disease ("COPD"), acute bronchitis, and chest pain (Tr. 219).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through March 31, 2017 and had not engaged in substantial gainful activity since September 8, 2014, the alleged onset date (Tr. 14). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following medical determinable impairments: COPD, bronchitis, status-post cerebrovascular accident, peripheral arterial disease, and low back pain (Tr. 14). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that significantly limited, or was expected to significantly limit, the ability to perform basic work-related activities for 12 consecutive months (Tr. 14-15). Accordingly, the ALJ concluded that Plaintiff did not have a severe impairment or combination of impairments and thus found Plaintiff not disabled (Tr. 14-17).

**II.**

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389,

401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**III.**

Plaintiff argues that the ALJ erred by finding Plaintiff's medically determinable impairments non-severe and denying Plaintiff's claim at step two of the sequential evaluation process. Step two operates as a threshold inquiry, and the claimant's burden at step two is mild. *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986); *see Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 853 (11th Cir. 2013) (*per curiam*). At step two of the sequential evaluation process, a claimant must show that he or she suffers from an impairment or combination of impairments that significantly limits his or her physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1521, 416.920(a)(4)(ii), 416.921. A claimant need show only that his or her impairment is not so slight, and its effect is not so

minimal, that it would clearly not be expected to interfere with his or her ability to work. *McDaniel*, 800 F.2d at 1031; *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984) (*per curiam*). "[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). In other words, an impairment or combination of impairments is not considered severe where it does not significantly limit the claimant's physical or mental ability to perform basic work activities. *Turner v. Comm'r of Soc. Sec.*, 182 F. App'x 946, 948 (11th Cir. 2006) (*per curiam*) (citations omitted); 20 C.F.R. §§ 404.1521, 416.921.

In this instance, the ALJ concluded at step two of the sequential evaluation that Plaintiff did not have any severe impairment and thus did not continue to the other steps in the sequential evaluation process (Tr. 14-17). In pertinent part, the ALJ stated:

> The 2016 evidence is equally compelling, only in that it says little. The claimant again complained of various aches and pain, including chest wall and left shoulder pain, though hospital workups were unrevealing. To be sure, by August 2016 there was finally evidence of *something*. The claimant was diagnosed as having had a cerebrovascular accident. Yet, what then is one to make of the lack of anything prior thereto (a period that dates back nearly two years). For that matter, evidence coming *after* the stroke is relatively nonexistent. Again, the claimant has the burden to provide medical and other evidence regarding his medical impairments. This record provides little.
>
> The Administrative Law Judge has not ignored [] the primary care provider records … though the undersigned notes these are handwritten treatment notes that are mostly illegible. These records do not explain either why there were significant periods with little to no evidence whatsoever.
>
> The undersigned therefore finds then the claimant has medically determinable impairments—chronic obstructive pulmonary disease/bronchitis, a history of cerebrovascular accident, peripheral arterial disease, and low back pain. However, the claimant has not met *his burden* to provide sufficient evidence to show these impairments, either singularly or combined, are severe. Granted, State agency consultant Thomas Renny, D.O., opined these were severe impairments that limited the claimant to a reduced range of light work activities … yet the evidence submitted since the request for hearing provides almost no additional insight and suggests that whatever medically determinable

> impairments the claimant might have had, these have not lasted for at least a 12-month interval (otherwise, there would be a modicum of evidence at least showing this … which, there is not). The undersigned therefore gives Dr. Renny's opinion little weight.

(Tr. 16-17) (emphasis in original) (internal citations omitted). As indicated, the ALJ focused upon the lack of medical records as one of the main bases for finding Plaintiff not disabled.

Though circling back to the issue several times during the administrative hearing (Tr. 22-50), the ALJ's decision does not indicate that the ALJ considered Plaintiff's inability to afford medical treatment. *Cf. Dawkins v. Bowen*, 848 F.2d 1211, 1213-1214 (11th Cir. 1988) (indicating that poverty excuses noncompliance with prescribed medical treatment). As Plaintiff stated during the administrative hearing, prior to moving into his current residence within the past year, Plaintiff remained homeless for a period of two years, living outdoors, finding shelter where he could, requiring food stamps, and using restrooms in public parks and libraries (Tr. 29-30). Even after obtaining a residence, Plaintiff testified that, within the year prior to the hearing, he had difficulty getting medical treatment due to his inability to find transportation to and from his medical practitioners who accepted Medicaid and due to his difficulty finding medical practitioners who accepted Medicaid and were located in closer proximity to him (Tr. 33-35). The ALJ's failure to consider Plaintiff's inability to afford medical treatment thus constitutes error and warrants remand.[2]

Furthermore, given the failure to consider Plaintiff's inability to afford or obtain medical treatment, the ALJ should reconsider the opinion of Dr. Thomas Renny (Tr. 16-17). Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis and prognosis, what

[2] To the extent that the record requires further development, the ALJ may order a consultative examination. *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007) (citing *Doughty v. Apfel*, 245 F.3d 1274, 1281 (11th Cir. 2001)); *see* 20 C.F.R. §§ 404.1512(b)(2), 404.1519a, 404.1520b, 416.912(b), 416.919a, 416.920b.

the claimant can still do despite the impairments, and physical or mental restrictions. 20 C.F.R. §§ 404.1527(a)(1), 416.927(a)(1). When assessing the medical evidence, the ALJ must state with particularity the weight afforded to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citation omitted). Notably, state agency medical consultants are considered highly qualified experts in the Social Security disability evaluation process. 20 C.F.R. §§ 404.1513a(b)(1), 416.913a(b)(1).

Here, Dr. Renny, a state agency medical consultant, provided the only medical opinion in the record and concluded that Plaintiff's impairments of peripheral arterial disease, spine disorders, and other unspecified arthropathies were severe as of April 15, 2016 (Tr. 69-88). In considering Dr. Renny's opinion, the ALJ focused upon the lack of evidence submitted since the request for hearing providing almost no additional insight and suggesting that the medically determinable impairments the claimant might have had would not have lasted for a 12-month interval. Given Plaintiff's statements regarding his inability or difficulties obtaining medical treatment, including during a two-year period of homelessness, the ALJ should reconsider the opinion of Dr. Renny upon remand.

Moreover, though the ALJ need not specifically refer to every piece of evidence in the decision, *see Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (citation omitted), the ALJ should also address Plaintiff's objective test results, including MRI and CT scan results, on remand. The results include, among other things, diagnoses relating to emphysema and a degenerative spine disease and identification of chronic changes in Plaintiff's white matter (Tr. 32-33, 547, 583, 588-89). The failure to consider these objective test results, especially given the ALJ's focus upon the lack of evidence supporting Plaintiff's claims, is, at the very least, problematic.

In sum, the ALJ committed reversible error. Based upon Plaintiff's statements regarding his extended homelessness and inability to obtain transportation to his medical practitioner or to find a medical practitioner in close proximity who took Medicaid; the state agency medical consultant's opinion; and the lack of consideration of the objective test results, and given the low threshold at step two of the sequential evaluation process, the ALJ's finding at step two was not supported by substantial evidence and did not comport with the correct legal standards. Remand for reconsideration of the foregoing evidence and of the severity of Plaintiff's impairments therefore is warranted.

**IV.**

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is REVERSED and the matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings consistent with this Order.

2. The Clerk is directed to enter final judgment in favor of Plaintiff and close the case.

DONE AND ORDERED in Tampa, Florida, on this 4th day of March, 2020.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record